UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RANDY MCCLAIN**, | Case Number 1:13 CV 051 |
| Plaintiff, | Judge Benita Y. Pearson |
| v. | REPORT AND RECOMMENDATION |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | Magistrate Judge James R. Knepp, II |

### INTRODUCTION

Plaintiff Randy McClain seeks judicial review of Defendant Commissioner of Social Security's decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). Before the Court is Plaintiff's Motion for Sentence Six Remand of his application for DIB and SSI. (Doc. 18). The district court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). (Non-document entry dated January 9, 2013). For the reasons stated below, the undersigned recommends Plaintiff's Motion be denied. Because Plaintiff has not otherwise objected to the Commissioner's decision, the undersigned further recommends the decision of the Commissioner be affirmed.[1]

---

1. Pursuant to this Court's order issued February 6, 2013, Plaintiff was to file his Brief on the Merits within 30 days of Defendant's filing of the answer and transcript. (Doc. 9). The Defendant filed an Answer and Transcript of Proceedings on April 11, 2013. (Doc. 14, 15). Plaintiff filed a Motion for Sentence Six Remand and a Reply to Defendant's Merit Brief, but has not filed a brief on the merits nor has he raised specific objections to the ALJ's decision in his Motion or Reply. (Docs. 15, 18).

**PROCEDURAL BACKGROUND**

Plaintiff filed applications for DIB and SSI on August 14, 2009. (Tr. 12, 133, 140, 144). On May 12, 2011, he amended his alleged onset date from January 1, 2008 to January 1, 2009. (Tr. 132). His claims were denied initially and on reconsideration. (Tr. 12, 84, 87, 93, 96). Plaintiff requested a hearing before an administrative law judge (ALJ). (Tr. 101). At the hearing, Plaintiff, represented by counsel, and a vocational expert (VE) testified. (Tr. 56-79). On June 22, 2011, the ALJ concluded Plaintiff was not disabled. (Tr. 9-25). Plaintiff's request for appeal was denied, making the decision of the ALJ the final decision of the Commissioner. (Tr. 1); 20 C.F.R. §§ 404.955, 404.981, 416.1455, 1481. On January 9, 2013, Plaintiff filed the instant case. (Doc. 1).

**RELEVANT FACTUAL BACKGROUND**

*Plaintiff's Background, Vocational Experience, and Daily Activities*

Born July 19, 1953, Plaintiff was 57 years old on June 22, 2011, the date of the ALJ hearing. (Tr. 9, 267). Plaintiff had a high school education and past relevant work experience as a used car salesperson. (Tr. 61-62, 75, 193). At the hearing, Plaintiff claimed he stopped working because he lost his temper with a customer. (Tr. 61). He also worked in a factory and at a gas station, but never held a full time job for longer than two years. (Tr. 268). On his application for disability, he alleged he stopped working due to symptoms from depression, diabetes, high blood pressure, and heart valve problems. (Tr. 188).

Plaintiff lived with his sister where he did not cook, perform household chores, or have hobbies or interests. (Tr. 68-70, 204-05, 207-08). Concerning daily activities, Plaintiff slept, watched television, maintained personal care, occasionally shopped, and drove. (Tr. 70, 205,

207). He did not have trouble managing money and got along well with others. (Tr. 63, 207-08). Plaintiff testified he was diagnosed with Parkinson's Disease after an automobile accident and experienced shaking in his right hand, spasms, jerking, and would stumble while walking. (Tr. 65). He further claimed his Parkinson's caused fatigue, back aches, trouble walking, difficulty lifting weight, and shakes or tremors in his right hand, although he did not experience tremors in his dominant left hand. (Tr. 66-68, 72). He said medication helped reduce symptoms. (Tr. 67).

*Relevant Medical History*

On April 4, 2011, Plaintiff visited Sudhir Sinha, M.D., for a follow-up evaluation of diabetes. (Tr. 314). Dr. Sinha noted a history of Parkinson's Disease and observed arthritic joints and "Parkinson" tremors. (Tr. 314). Dr. Sinha diagnosed depression, diabetes, hypertension, obesity, osteoarthritis, and Parkinson's disease, then discussed with Plaintiff "basic principles of weight loss" and the importance of medication compliance. (Tr. 315). Dr. Sinha prescribed "Carb/Levo" (Sinemet), which Plaintiff's counsel indicated was the standard medicine for treatment of Parkinson's disease. (Tr. 319-26).

Dr. Sinha submitted two notes for the record in 2011. (Tr. 327-28). In the notes, Dr. Sinha stated Plaintiff had been diagnosed with Parkinson's Disease "based on clinical judgment" in January of 2009 and responded to prescribed treatment. (Tr. 327-28). Dr. Sinha also noted there were no concrete tests to diagnose Parkinson's Disease. (Tr. 327-28).

*Consultative Examinations*

On November 24, 2009, William B. Schonberg, Ph.D., assessed Plaintiff's mental status. (Tr. 267). Plaintiff complained of fatigue from rheumatic fever and hand tremors. (Tr. 267-68). Plaintiff also said he was diagnosed with Parkinson's two and a half years ago. (Tr. 268). Dr.

3

Schonberg observed a disheveled appearance; trembling right arm; normal speech and conversation; and a mildly depressed, restricted mood. (Tr. 268-69). Dr. Schonberg diagnosed depressive disorder and schizotypal traits which could be influenced or worsened by diabetes, Parkinson's, and heart problems. (Tr. 270).

On November 30, 2009, Plaintiff saw Sushil M. Sethi, M.D., and complained of diabetes, hypertension, cough, chest pain, shortness of breath, constipation, and rheumatic fever. (Tr. 274). Plaintiff's physical exam was unremarkable except for non-specific shaking movements in his right hand, which Plaintiff claimed began two months earlier. (Tr. 274). Dr. Sethi reported the shaking "may be the beginning of Parkinson['s] disease" but noted "there is no rigidity of the muscles [] and he does not have the hallmarks of Parkinson['s] disease." (Tr. 274). Plaintiff had normal range of motion, gait, and muscle strength; and good strength, grip, grasp, and manipulation in the right hand. (Tr. 274-75). Dr. Sethi concluded Plaintiff's "ability to do work-related physical activities . . . may be limited due to symptomatology of diabetes, diabetic neuropathy, fatigue and tiredness[]". (Tr. 275). He diagnosed non-specific tremors of the right hand; history of fatigue and tiredness of unknown cause; chronic history of smoking in the past; possible history of mild rheumatic fever; heart murmur without heart failure, no history of cardiac episode, no evidence of congestive heart failure; depression; and hypertension. (Tr. 275).

*State-Agency Review*

On December 14, 2009, Todd Finnerty, Psy.D., completed a psychiatric review technique where he observed a tremor in Plaintiff's right arm and estimated his cognitive functioning was in the low-average range despite the absence of significant psychiatric limitations. (Tr. 280, 292). On May 7, 2010, Alice Chambly, Psy.D., affirmed Dr. Finnerty's findings. (Tr. 310).

On January 4, 2010, Steven Richards, M.D., completed a physical residual functional capacity (RFC) assessment and concluded Plaintiff could perform a range of medium work, finding Plaintiff's right hand tremor did not interfere with his grip, manipulation, or coordination. (Tr. 294-301). On May 31, 2010, Walter Holbrook, M.D., affirmed Dr. Richards' findings. (Tr. 311).

*ALJ Hearing and Decision*

At the hearing, the ALJ asked Plaintiff's counsel to obtain additional records from Dr. Sinha because the record was not very well developed with respect to Parkinson's. (Tr. 77). Counsel indicated Dr. Sinha had not responded to his requests for records and asked that the record be left open for one month so he could provide supplemental evidence. (Tr. 78). The ALJ granted Plaintiff's request. (Tr. 78).

The ALJ found Plaintiff had severe impairments of tremor of the right hand and degenerative disc disease. (Tr. 14). The ALJ declined to list Parkinson's Disease as a severe impairment because Dr. Sinha observed "no rigidity of muscles" and noted Plaintiff "does not have the hallmarks of Parkinson's Disease." (Tr. 15). Furthermore, the ALJ noted Plaintiff's symptoms were limited to his right hand and there was no evidence he was prescribed Carb/Levo to treat Parkinson's. (Tr. 15). The ALJ indicated there were no medical records indicating Plaintiff had undergone testing or exhibited any signs or symptoms of Parkinson's beyond hand tremors. (Tr. 15). Finally, the ALJ stated that despite leaving the record open, Plaintiff failed to provide further evidence of Parkinson's and did not support his subjective complaints with signs, symptoms, laboratory findings, or diagnostic testing. (Tr. 15).

The ALJ found Plaintiff had the RFC to perform light work limited to occasional

5

fingering with his right (non-dominant) hand. (Tr. 16). Based on VE testimony, he concluded Plaintiff could perform past relevant work in used car sales and was not disabled. (Tr. 20-21).

### MOTION FOR SENTENCE SIX REMAND

Under sentence six of 42 U.S.C. § 405(g), the district court does not affirm, modify, or reverse the Commissioner's decision; it does not rule in any way as to the correctness of the administrative determination. *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 734 (N.D. Ohio 2005) ("'Sentence six' of 42 U.S.C. § 405(g) permits a reviewing court to remand, without ruling on the merits"); *see also*, *Anthony v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 180708, at *6-8 (N.D. Ohio 2013). If a sentence six remand is ordered, the district court retains jurisdiction while the matter is remanded to the social security administration for further proceedings; it is not a final judgment that can be appealed. *Melkonyan*, 501 U.S. 89; *Cross*, 373 F. Supp. 2d 724; *Wasik v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 18106 (E.D. Mich. 2011).

A claimant must establish two prerequisites before a district court may order a sentence six remand. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2001). A claimant must show: (i) the evidence at issue is both "new" and "material"; and (ii) there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The party seeking remand bears the burden of showing these two requirements are met. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

In his Motion and Reply, Plaintiff asks the Court to remand so the ALJ can consider: the report of neurologist Stephen Hill, M.D., dated March 15, 2013 (Doc. 15, 15-1); the consultative

examination performed by Melissa Martinek, D.O., dated April 6, 2013 (Doc. 18, 18-1); and a June 18, 2013 correspondence letter from the Social Security Administration (SSA) asking Plaintiff to provide more information for his application (Doc. 18, 18-2).[2]

*New and Material*

The Sixth Circuit explained "evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon*, 447 F.3d at 483-84 (citing *Foster*, 279 F.3d at 357). Such evidence, in turn, is deemed "material" if "there is a probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with new evidence." *Foster*, 279 F.3d at 357.

As Plaintiff points out, Drs. Hill and Marinek's reports are dated well after the ALJ's decision. (Docs. 15-1; 18-1). Implicitly, the Commissioner argues the reports do not relate back to the relevant time period, and therefore, are not new. (Doc. 16, at 9-10). Regardless of whether the reports qualify as "new", Plaintiff has not shown materiality. (Docs. 15-1; 18-1).

In her report, Dr. Martinek observed Plaintiff had pill-rolling tremors in his right hand and concluded he would have some limitation in ability to lift and carry weight, reach, handle, feel, grasp, and finger. (Doc. 18-1, at 5-6). For his part, Dr. Hill observed right hand tremors, cogwheeling, brandykinesia, and rigidity and also noted Plaintiff's complaints of worsening Parkinson's symptoms. (Doc. 15-1, at 1-2). Dr. Hill indicated the tremors disappeared when Plaintiff held anti-gravity positions and during volitional action. (Doc. 15-1, at 2-3). Finally, Dr. Hill diagnosed paralysis agitans and noted Parkinson's is almost always an asymmetric disorder

---

2. The Commissioner's argument that the ALJ's decision is supported by substantial evidence is set aside, as Plaintiff has only argued for sentence six remand under 42 U.S.C. § 405(g).

7

that begins on one side and worsens as time goes on. (Doc. 15-1, at 3).

However, "evidence that demonstrates a [claimant's] deteriorating condition is not relevant to a remand determination under Sentence Six." *Wasik*, 2011 U.S. Dist. LEXIS 18106, at \*14. Moreover, "[r]ecords that show a lack of improvement, which were created after the ALJ's disability determination, cannot be used to show disability existed at the time of the disability determination." *Id*. Evidence of the aggravation or deterioration of a condition is not relevant because "it does not demonstrate the point in time that the disability itself began." *Guy v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 37891, at \*30-31 (E.D. Mich. 2013) (quoting *Sizemore v. Sec'y of Health & Human Servs*, 865 F.2d 709, 712 (6th Cir. 1988)).

Plaintiff has not shown that he was more limited because of his Parkinson's disease diagnosis during the time frame under review by the ALJ. Rather, the evidence in Drs. Martinek and Hill's reports shows a worsening condition, which does not qualify as "material". *See Wasik*, 2011 U.S. Dist. LEXIS 18106, at \*14. For example, the evidence taken in a light favorable to Plaintiff demonstrates Plaintiff's hand tremors had worsened and his Parkinson's symptoms had spread.

Moreover, Plaintiff has not shown there is a reasonable probability the reports would change the ALJ's decision. Indeed, hand tremors were present in the record before the ALJ and the ALJ expressly considered the tremors by limiting Plaintiff to occasional fingering. (Tr. 16). The ALJ also considered Plaintiff's complaints of difficulty walking and jerking spasms. (Tr. 17). Furthermore, a subsequent Parkinson's diagnosis does not create a reasonable probability that the ALJ would have reached a different conclusion because an ALJ is not bound by a treating physician's diagnosis. *See Roark v. Astrue*, 2011 WL 1226874, at \*4 (E.D. Ky. 2011)

("[I]t is the demonstrated functional limitations imposed by a condition in a particular individual, not the mere diagnosis, that determine disability."); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (The opinions of treating physicians are entitled to great weight; however, the ALJ "is not bound by conclusory statements of doctors, particularly when they are unsupported by detailed objective criteria and documentation.").

Last, the relevance of the SSA correspondence letter (Doc. 18-2), is neither patently clear nor has Plaintiff shed light on its relevance. In fact, the only explanation Plaintiff offered is as follows: "[Plaintiff's] Parkinson's diagnosis was confirmed once again ([Doc. 18-2], attached)". (Doc. 18, at 2). However, the letter is nothing more than a request for more information asking Plaintiff to report to the Social Security office on June 24, 2013. *Id*. Therefore, this evidence does not qualify as material.

In sum, remand under sentence six is not appropriate because the submitted evidence does not qualify as material.

*Good Cause*

Even if Plaintiff could show the evidence was new and material, he has not shown good cause. To establish good cause for failure to incorporate evidence into the record at the time of the hearing, the claimant must provide a "valid reason for failing to obtain the evidence prior to the ALJ's decision." *Cross*, 373 F. Supp. 2d, at 734 (citing *Cline*, 96 F.3d at 149); *see also Beaty v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 124685, at *22-23 (W.D. Mich. 2012) ("The Sixth Circuit has taken a 'harder line'" on the issue of good cause, and requires the moving party to "explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.") (quoting *Courter v. Comm'r*, 479 Fed. Appx. 713 (6th Cir. May 2012)). "Additional

9

evidence generated for the purpose of attempting to prove disability in contrast to evidence produced by continued medical treatment does not meet the good cause requirement of the Act." *Lockett v. Astrue*, 2012 U.S. Dist. LEXIS 60572, at *30 (S.D. Ohio 2012) (quoting *Koulizos v. Sec'y of Health and Human Servs.*, 802 F.2d 458, 1986 U.S. App. LEXIS 18275 (6th Cir. 1986)). "[G]ood cause contemplates more than strategic delay, or sandbagging, of evidence and more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability." *Haney v. Astrue*, 2009 U.S. Dist. LEXIS 128179, at *13 (W.D. Ky. 2009).

Plaintiff argues he did not have reason to believe the ALJ would disregard his diagnosis and therefore did not need to acquire and present the evidence at issue. (Doc. 15, at 5-6). Certainly, this is not a good reason for failing to submit evidence prior to the hearing because good cause requires more than a miscalculation in the necessity of presenting evidence. *Hanney*, 2009 U.S. Dist. LEXIS 128179; *see also Brace v. Comm'r*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause). Therefore, Plaintiff's argument that the ALJ's decision itself is good cause for failure to timely submit evidence is not well taken.

Moreover, by its own nature Dr. Martinek's consultative examination was generated for purposes of attempting to prove disability. Therefore, it cannot meet the good cause requirement of the act under *Koulizos*. 1986 U.S. App. LEXIS 18275, at *5 ("[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability").

Finally, Plaintiff argues his limited financial means and rural residence prevented him

from seeing doctors other than Dr. Sinha. (Doc. 15, at 5). This statement contradicts testimony that the record lacked evidence of Parkinson's Disease because Dr. Sinha was slow to return counsel's requests. (Tr. 78). Additionally, despite the ALJ's acquiescence to leaving the record open for further development of treatment evidence, Plaintiff failed to supplement the record or ask for more time to do so. (Tr. 15). Even more, Plaintiff failed to explain, legally or otherwise, how poverty or a rural homestead justifies untimely submittal of evidence. All of this, combined with the Sixth Circuit's "hard-line" approach to good cause leads the undersigned to find that bare allegations of poverty and rural habitation do not amount to good cause. *Courter*, 479 Fed. Appx. 713.

For all of these reasons, Plaintiff has not shown good cause for his failure to present new evidence to the ALJ.

## CONCLUSION AND RECOMMENDATION

Plaintiff has not shown that the evidence presented is new and material and that he had good cause for failing to present the evidence to the ALJ. Therefore, following review of the arguments presented, the record, and the applicable law, the undersigned recommends Plaintiff's Motion for Sentence Six Remand (Doc. 15) be denied. Without the need for sentence six remand and considering Plaintiff has not otherwise objected to the ALJ's decision, the undersigned further recommends the decision of the Commissioner be affirmed.

       s/James R. Knepp II
       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).